UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ROCK TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PMAB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROCK TURNER ("Plaintiff"), through his attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, PMAB, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Cullman, Cullman County, Alabama.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a national collection agency headquartered in Charlotte, North Carolina.

12. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from a medical bill.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. Within the last year, Defendant began calling Plaintiff's cellular telephone number, ending in 5273, in an attempt to collect an alleged debt.

21. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

22. None of the calls Defendant made to Plaintiff were for an emergency purpose.

23. Defendant called Plaintiff's cellular telephone from the following telephone number: 704-553-7146.

24. The following telephone number are Defendant's phone numbers: 704-553-7146.

25. On as least one occasion since Defendant started calling, Plaintiff spoke with Defendant and requested Defendant to stop calling his cellular telephone.

26. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's cellular telephone.

27. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

28. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

29. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

30. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

31. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff

wanted the calls to stop.

32. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

33. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

34. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

42. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

43. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

44. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of Plaintiff's cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested the calls to stop; and

   b. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff when

Defendant continued to place collection calls to Plaintiff in an attempt to collect a debt after Plaintiff requested the calls to stop.

WHEREFORE, Plaintiff, ROCK TURNER, respectfully requests judgment be entered against Defendant, PMAB, LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff repeats and re-alleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Defendant's conduct violated the TCPA by:
    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ROCK TURNER, respectfully requests judgment be entered against Defendant, PMAB, LLC, for the following:

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1),

Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

54. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 14, 2018         By: /s/M. Brandon Walker
                                     M. Brandon Walker
                                     Walker McMullan, Attorneys
                                     242 West Valley Avenue, Suite 312
                                     Birmingham, AL 35209
                                     Tel: 205-417-2541
                                     E-mail: brandon@walkermcmullan.com
                                     Attorney for Plaintiff